D. W. HAINER V. J. T. BURTON *et al.*

No. 14,748   (89 Pac. 697.)

SYLLABUS BY THE COURT.

INTOXICATING LIQUORS—*Application for a Druggist's Permit—
District Court's Judgment Not Reviewable.* This court has
no jurisdiction, either by appeal or proceedings in error, to
review the judgment of the district court on an application to
obtain a druggist's permit to sell intoxicating liquors.

Error from Lyon district court; FREDERICK A.
MECKEL, judge. Opinion filed March 9, 1907. Dis-
missed.

*Buck & Spencer,* for plaintiff in error.

*W. A. Randolph,* for defendants in error.

The opinion of the court was delivered by

GREENE, J.: The plaintiff in error made application
to the probate judge for a druggist's permit to sell in-
toxicating liquors. Upon a hearing the probate judge
granted the license. From that judgment J. T. Burton
and Thomas B. Godsey appealed to the district court,
where the ruling of the probate judge was reversed,
and the probate judge was ordered to cancel and revoke
the permit, which was done. From the judgment of
the district court the plaintiff in error comes to this
court.

It is objected that this court has no appellate juris-
diction in such a proceeding. The statute controlling
this question is section 2452 of the General Statutes of
1901, which in part provides: .

"If the district court shall find that the probate
judge has abused his discretion it shall have power to
cause the probate judge to comply with its judgment,
otherwise the order of the probate judge shall be by
the district court affirmed. No appeal shall be allowed
from the order of the district court."

The word "appeal" was used in this statute in its
broad sense, and includes writs of error.

The original act of 1881, which required a druggist wishing to sell intoxicating liquors to obtain a permit from the probate judge, left the matter entirely to the discretion of the probate judge to grant or refuse the permit, and no review of his judgment was given by statute. (Laws 1881, ch. 128, § 2.) In 1885 this act was amended, but no change was made in this respect. (Laws 1885, ch. 149, § 1.) In 1887 the latter act was amended and the section quoted added. (Laws 1887, ch. 165, § 1.) By this section any party aggrieved by the judgment of the probate judge may prosecute error or appeal to the district court, but with the express limitation that "no appeal shall be allowed from the order of the district court." This section was intended to preclude this court from reviewing the judgment of the district court.

The proceeding is therefore dismissed.